1
2
3
4
5
6
7
8
9 UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12 ELSIE M. SANTILLAN, | ) Case No. CV 11-10234 MWF (MRW) |
| 13        Plaintiff, | ) |
| | ) ORDER DISMISSING ACTION |
| 14      vs. | ) |
| 15 MICHAEL J. ASTRUE, | ) |
| 16 Commissioner of Social Security, | ) |
| | ) |
| 17        Defendant. | ) |
| 18 _____ | ) |

19

20        The Court vacates the reference of this action to the Magistrate Judge and

21 dismisses this action due to Plaintiff's failure to prosecute the case following the

22 death of her lawyer.

23                                    * * *

24        This is an appeal from the denial of Social Security benefits.  Plaintiff was

25 originally represented by an attorney, Stephanie Simpson.  Ms. Simpson apparently

26 filed the complaint in late 2011 and served it on the government.  (Docket # 3, 7.)

27 Pursuant to Magistrate Judge Wilner's procedural order, the government answered

28 the complaint in May 2012.  (Docket # 12.)  The government also served a copy of

the administrative record, which contains the medical records, hearing transcript, and decisions of the Social Security Administration in denying the application for benefits. (Docket # 12, 13.) However, consistent with local practice in Social Security appeals, the government was not on notice of the specific claims or arguments that Plaintiff intended to advance on appeal to this Court.

For this reason, Plaintiff's counsel was required to serve the government with her portion of a "joint statement" setting forth Plaintiff's position in this action. Ms. Simpson asked for and received continuances of the deadline to give her legal analysis to the government in July and September 2012. (Docket # 14, 20, 22.) Based on the Court's orders, Plaintiff's statement was due in October 2012.

At some point in late 2012, Ms. Simpson passed away. Judge Wilner's courtroom deputy clerk contacted government counsel. According to the government, no lawyer has substituted into Ms. Simpson's cases in this Court. Additionally, the government still has no basis to determine what claims Plaintiff wishes to pursue in this Court.

In January 2013, Judge Wilner issued a order to Plaintiff at her last known address as listed in the administrative record. (Docket # 23.) The order informed Plaintiff of Ms. Simpson's death, suggested that Plaintiff contact the government's lawyer, and advised her to take steps to hire a new lawyer or contact a local legal services agency. The Court directed Plaintiff to file a statement with the Court by February 19, 2013, to inform the Court as to how she wishes to proceed. The order expressly informed Plaintiff that her case could be dismissed without prejudice under Federal Rule of Civil Procedure 41 for failure to prosecute if she failed to do so. To date, neither Plaintiff nor anyone representing her has filed anything in the action.

* * *

2

1    Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to
2    prosecute or to comply with these rules or a court order, a defendant may move to
3    dismiss the action or any claim against it." Dismissal also may be ordered by the
4    Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal
5    of a civil action under Rule 41 may be appropriate to advance the public's interest
6    in the expeditious resolution of litigation, the court's need to manage its docket,
7    and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F.3d
8    1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.
9    1992). Additionally, a court should consider the public policy favoring disposition
10   of cases on their merits and the availability of less drastic alternatives in its
11   evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988); Henderson v.
12   Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

13   In the current case, the Court finds dismissal is appropriate. The death of
14   Plaintiff's lawyer at a preliminary stage of the action has prevented the case from
15   moving forward at all. The case was filed more than a year ago, yet the Court and
16   the government have no information about the basis of Plaintiff's appeal from the
17   agency. After the lawyer passed away, the Court issued a plain-English order
18   directly to Plaintiff at her residence to let her know the status of the action. The
19   Court also directed Plaintiff to take basic steps – call the government's lawyer, find
20   a new lawyer, contact the Court – to demonstrate that she wished to pursue this
21   case. The Court also warned her about the possibility that the action would be
22   dismissed.

23   Even so, Plaintiff did not file any response. This has unnecessarily delayed
24   the litigation. As a result, the Court, the government, and the public have a strong
25   interest in terminating this action. Plaintiff involuntarily became a pro se litigant
26   after the death of her lawyer. She was required to do something regarding the
27   prosecution of the case. Because she has not responded to the Court's recent

28

1  notice about the status of the case, no sanction short of dismissal will be effective
2  in moving this case forward.
3        Therefore, this action is hereby DISMISSED without prejudice.
4
5        IT IS SO ORDERED.
6
7  DATED: March 7, 2013
8  _____
9  HON. MICHAEL W. FITZGERALD
   UNITED STATES DISTRICT JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28